DR. MAX BRAUN, a stockholder of Fleming-Hall Tobacco Co., Inc., a corporation of the State of Delaware,
Appellant,

*vs.*

FLEMING-HALL TOBACCO CO., INC., a corporation of the State of Delaware, and SOL C. KORN,
Appellees.

*Supreme Court, On Appeal, December 17, 1952.*

SOUTHERLAND, C. J., and WOLCOTT and TUNNELL, JJ., sitting.

*Russell J. Willard, Jr.*, of Hastings, Stockly, & Walz, for Max Braun.

*John Van Brunt, Jr.*, of Killoran & Van Brunt, for Herbert W. Salus, Jr.

*Edwin D. Steel, Jr.*, of Morris, Steel, Nichols & Arsht, for Fleming-Hall Tobacco Co., Inc.

*David F. Anderson*, of Berl, Potter & Anderson, for Sol C. Korn.

TUNNELL, Justice, delivering opinion of the court:

We have before us a motion by the attorney for the plaintiff-below for the allowance of counsel fees for his services in the appeal which we decided on November 4th. *ante p.* 246, 92 *A.2d* 302. In order to be certain that application was made to the proper forum, a duplicate motion was also filed in the Court of Chancery.

In *duPont v. duPont*, 46 *Del. (Terry)* 592, 87 *A.2d* 394 (400), after pointing out that allowances of fees normally involve findings of fact, that the trial court is the forum designed for determining facts, and, accordingly, that the trial court is usually the proper court to make allowances of fees and expenses, we, nevertheless, went on to say that in exceptional cases, i.e., in instances where no further proceedings are required in the lower court, and where no facts need be noticed except such as have been found of record, and no services or expenses are involved except such as relate directly to the proceedings in our own court, we might be under a duty to act upon applications for allowances. This is just such a case.

The nature of the litigation, of course, was reviewed in our earlier opinion, and there is no necessity for recapitulation here.

In addition, the record shows that plaintiff's counsel, at the conclusion of the litigation below, applied to the Chancellor for fees and expenses, representing, (a), that he had devoted four hundred sixteen and three quarters (416-3/4) hours of work to the case, and (b), that his efforts had resulted in a saving to the corporation of at least the equivalent of $94,909. Thereupon, the Chancellor allowed him refund of his disbursements and the sum of $23,725.25 as a fee. An affidavit supporting the motion before us indicates that plaintiff's counsel has spent an additional forty (40) hours in work upon the appeal. The corporation resists the instant application.

■ We do not question that moving counsel devoted to the appeal the time specified in the affidavit, but, nevertheless, we cannot grant the application. As the fee allowed below was a one-fourth[1] part of the plaintiff's counsel's own estimated minimum saving to the corporation, it appears to us that he was compensated, not on an hourly basis, but on what was akin to a contingent fee contract. The amount to which the percentage must be applied is no larger now than it was then. The Court of Chancery having allowed plaintiff's counsel the advantage of a "percentage" rule, we cannot permit him now the additional advantage of changing to an hourly basis in order to provide an increment. Nor can we see our way clear, on the theory of additional services, to increase the percentage allowed below, for what the Court of Chancery allowed him, in the circumstances of this case, in our opinion provided adequate compensation for all he has done to date.

The motion for allowance of an additional fee will be denied.

---

[1] Lacking two dollars.